## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WILLIAM STAPLES,

        Petitioner,

                                    CASE NO. 13-15268

v.                                 HONORABLE DENISE PAGE HOOD

J.A. TERRIS,

        Respondent.

_____/

## ORDER SUMMARILY DISMISSING THE
## PETITION FOR WRIT OF HABEAS CORPUS

## I.  INTRODUCTION

Petitioner William Staples is an inmate at the Federal Correctional Institution in Milan, Michigan.  He recently filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241.  The petition and exhibits allege that, in 2005, Petitioner was charged in a six-count indictment in the United States District Court for the Eastern District of Wisconsin.  He subsequently pleaded guilty to counts one and five:  wire fraud, 18 U.S.C. § 1343, and felon in possession of a firearm, 18 U.S.C. § 922(g)(1).  In return, the Government agreed to dismiss the remaining counts.  The trial court sentenced Petitioner as an armed career criminal to two concurrent terms of 200 months in prison, followed by supervised release for concurrent terms of three years on the fraud count and five years on the firearm count.  Petitioner appealed his sentence to the

United States Court of Appeals for the Seventh Circuit, which affirmed his sentence. *See United States v. Staples*, No. 05-4037 (7th Cir. Apr. 18, 2007).

Petitioner alleges that he subsequently filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He states that he raised several issues in his motion, including claims that he was innocent of the firearm offense and his enhanced sentence. The trial court denied Petitioner's motion and treated his subsequent motions as second or successive motions under § 2255. Petitioner fared no better in the Seventh Circuit, which apparently denied each of Petitioner's applications for leave to file a second or successive motion under § 2255.

Petitioner filed his habeas corpus petition in this Court on December 20, 2013. He has asked the Court to determine whether the State of Wisconsin restored his civil rights, including his Second Amendment right to bear arms, after he served his sentences for his prior convictions. Petitioner asserts that the Eastern District of Wisconsin did not have jurisdiction over the felon-in-possession count. He claims to be innocent of the firearm count, the Armed Career Criminal Act, and his sentence of 200 months.

## II. DISCUSSION

### A. Legal Framework

The primary remedy for a federal prisoner who is challenging the legality of his

sentence is to file a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A federal court may not entertain a habeas corpus petition submitted by a prisoner who is authorized to apply for relief under § 2255 unless it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[1] In other words, "a federal prisoner may file a § 2241 petition contesting the legality of his detention only if his claim is such that he cannot obtain effective relief on direct appeal or through a § 2255 motion." *Garcia-Echaverria v. United States*, 376 F.3d 507, 510 (6th Cir. 2004).

"The circumstances in which § 2255 is inadequate and ineffective are narrow . . . ." *Peterman,* 249 F.3d at 461.

> [T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied or because the petitioner is procedurally barred from pursuing relief under § 2255 or because the petitioner has been denied permission to file a second or successive motion to vacate.

*Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (internal and end citations omitted). The savings clause of § 2255 "may only be applied when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th

---

[1]

This is known as the "savings clause" of § 2255.

3

Cir. 2003).   And the United States Court of Appeals for the Sixth Circuit has interpreted "the 'actual innocence' exception of the savings clause of § 2255" as " 'actual innocence of the underlying, substantive offense, not "innocence" of a sentencing factor.' "  *Green v. Hemingway*, 67 F. App'x 255, 257 (6th Cir. 2003) (quoting *Rumler v. Hemingway*, 171 F. Supp.2d 705, 709 (E.D. Mich. 2001)).

## B.  Application

Petitioner claims to be innocent of the underlying offenses for which he was convicted and remains incarcerated.  He pleaded guilty to the crimes, however, and the evidence against him established that,

> [f]rom 1994 to 2005, [he] collected social security benefits under both his own name and an alias.   Authorities investigating this fraud executed search warrants at two of [his] properties and found five rifles.

*United States v. Staples*, No. 05-4037 (7th Cir. Apr. 18, 2007).  Petitioner has failed to establish actual innocence of the underlying, substantive offenses.

Petitioner also alleges that he is actually innocent of being an armed career criminal and innocent of his sentence of 200 months.  He contends that his sentence exceeds the maximum sentence under law and that the trial court lacked jurisdiction to enhance his sentence under the Armed Career Criminal Act because his rights were fully restored.

4

These arguments are unavailing because "[c]laims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012), *cert. denied*, __ U.S. __, 133 S. Ct. 1632 (2013). Section "2255, not § 2241, is the proper vehicle by which [a federal prisoner] should challenge his career offender sentence enhancement." *Kellogg v. Snyder*, 48 F. App'x 114, 115 (6th Cir. 2002). And even though Petitioner previously filed one or more motions to vacate sentence under § 2255, the remedy under § 2255 "is not considered inadequate or ineffective simply because § 2255 relief has already been denied or because the petitioner is procedurally barred from pursuing relief under § 2255 or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles v. Chandler*, 180 F.3d at 756 (citations omitted).

## III. CONCLUSION

Petitioner has not met his burden of proving that a § 2255 motion is an inadequate or ineffective remedy to challenge his sentence. Accordingly, the Petition for Writ of Habeas Corpus (Docket No. 1, filed Dec. 20, 2013) is summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254

Cases in the United States District Courts.[2]


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  February 26, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 26, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

---

[2]

Rule 4 allows the summary dismissal of a habeas petition when, as here, it plainly appears from the face of the petition that the petitioner is not entitled to relief. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Although this case was filed under § 2241, the rules governing habeas petitions under § 2254 also apply to habeas petitions filed under § 2241. *See* Rule 1(b) (stating that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a))," which addresses cases under § 2254.