UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM STAPLES,

       Petitioner,                        CASE NO. 13-15268
v.                                        HONORABLE DENISE PAGE HOOD

J.A. TERRIS,

       Respondent.
_____/

## ORDER DENYING PETITIONER'S
## MOTION FOR RECONSIDERATION (Doc. 10)

### BACKGROUND

Petitioner William Staples is an inmate at the Federal Correctional Institution in Milan, Michigan. On December 20, 2013, Staples filed a habeas corpus petition under 28 U.S.C. § 2241, challenging his federal convictions for wire fraud, 18 U.S.C. § 1343, and felon in possession of a firearm, 18 U.S.C. § 922(g)(1). Staples was convicted in the United States District Court for the Eastern District of Wisconsin, and he claimed in his habeas petition that: (1) he was innocent of the felon-in-possession charge; (2) he was innocent of the sentence enhancement under the Armed Career Criminal Act; (3) he was innocent of the 200-month sentence imposed by the trial court; and (4) the trial court did not have jurisdiction of the felon-in-possession count.

On February 26, 2014, the Court summarily dismissed the habeas petition on the ground that the proper remedy for a federal prisoner who is challenging the legality of his sentence is to file a motion to vacate, set aside, or correct the sentence in the sentencing court pursuant to 28 U.S.C. § 2255. Although Staples claimed to be

innocent of the offenses for which he was convicted and sentenced, the Court noted that he pleaded guilty to the crimes and that claims of actual innocence of a sentence enhancement may not be raised under § 2241.  The Court concluded that Staples had not met his burden of proving that a motion under § 2255 was an inadequate or ineffective remedy to challenge his sentence.  Currently pending before the Court is Staples' motion for reconsideration of the Court's order dismissing his habeas petition.

## DISCUSSION

> A motion for reconsideration is governed by the local rules in the Eastern District of Michigan, which provide that the movant must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case.  E.D. Mich. Local Rule 7.1(g).[1]  The local rule also specifically states that merely presenting the same issues that the court previously ruled on is not an acceptable ground for reconsideration.

*Indah v. United States Securities and Exchange Commission*, 661 F.3d 914, 924 (6th Cir. 2011) (footnote in original as note 5).  " 'A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain.' "  *Hawkins v. Genesys Health Systems*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

Staples continues to maintain that he is innocent of the offenses for which he stands convicted, and he is raising the same claims that he presented to the Court in his habeas petition.  As such, he is not entitled to reconsideration.  Local Rule 7.1(h).

Although Staples also contends that the Court failed to address the merits of his claims, the Court was not required to adjudicate the substantive merits of his claims

---

[1] This provision is currently contained in Local Rule 7.1(h).

because § 2241 is not the proper means for challenging a federal conviction or sentence. A federal prisoner's challenge to his conviction or to the imposition of his sentence generally must be filed in the sentencing court under § 2255. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).

Staples contends that he has no other remedy because the Seventh Circuit Court of Appeals has denied his requests to file a second or successive motion under § 2255. The remedy under § 2255, however, "is not considered inadequate or ineffective simply because § 2255 relief has already been denied or because the petitioner is procedurally barred from pursuing relief under § 2255 or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (citations omitted).

Staples has failed to demonstrate that the Court made an obvious, clear, unmistakable, manifest, or plain error when it summarily dismissed his habeas petition. Accordingly, the motion for reconsideration (Doc. 10) is **DENIED**.

                                        S/Denise Page Hood
                                        Denise Page Hood
                                        United States District Judge

Dated: June 10, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 10, 2014, by electronic and/or ordinary mail.

                                        S/LaShawn R. Saulsberry
                                        Case Manager